UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| BRYAN KEITH LORREN, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | Case No. 1:14CV00183 SNLJ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on a motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence by Bryan Keith Lorren, a person in federal custody. On Septemeber 11, 2013, Lorren plead guilty before this Court to the offense of felon in possession of a firearm and, on December 12, 2013, this Court sentenced Lorren to the Bureau of Prisons for a term of 175 months. Lorren's § 2255 motion, which is based on several allegations of ineffective assistance of counsel, is fully briefed and ripe for disposition.

## **I. BASIS OF MOVANT'S PETITION**

Lorren first contends that his trial counsel was ineffective for failing to file a notice of appeal. For his second claim, Lorren contends that the government's failure to submit "Shepard approved documents" at sentencing "deprived him of a fair sentence" and that the district court lacked authority to "enhance" his sentence under 18 U.S.C. § 924(e) based on convictions that had "solely been determined based on application of the Presentence Report." Also in his second ground, Lorren makes a vague claim that the

Eighth Circuit has "decriminalized" a state court suspended imposition of sentence, and this somehow deprived the Court of its jurisdiction.

## II. FACTS AND PROCEDURAL HISTORY

### The Indictment

On February 28, 2013, a grand jury for the Southeastern Division of the Eastern District of Missouri returned a one-count indictment charging that on or about October 29, 2012, the defendant committed the offense of being a previously convicted felon in possession of a firearm in violation of Title 18, United States Code, Section 922(g)(1).

### Plea Agreement

**Admission of Guilt.**

On or about September 11, 2013, the defendant and the government entered into a written plea agreement. The plea agreement was signed by counsel for the government, counsel for the defendant, and the defendant. The plea agreement contained the following recitation of the facts, clearly establishing a factual basis for the plea:

> On October 29, 2012, ATF Special Agent Ryan Becker and Kennett Police Officer Brandon Moore made a stop of a GMC Jimmy being driven by this defendant. The stop was made in Kennett, Missouri. They made the car stop because they had received a tip from an informant that the Jimmy contained methamphetamine. At the time of the stop, the defendant was driving, and he had a front seat passenger.
>
> During the ensuing search of the Jimmy, the officers found three handguns. A Jennings Model J-22 .22 caliber semi-automatic pistol, bearing serial number 156535, loaded with .22 caliber ammunition, was found between the front passenger seat and the console, next to a small brown plastic container filled with two baggies of methamphetamine. A .32 caliber Beretta Tomcat semi-automatic pistol, serial number DAA411530, loaded with .32 caliber ammunition, was found in a blue holster on the back floorboard on the passenger side. A RG Industries Model RG26 .25 caliber semi-automatic pistol, serial number U906092, loaded

with .25 caliber ammunition, was found on the back floorboard on the passenger side.

The handguns were all test-fired. The .32 and the .22 functioned as designed, but the .25 failed to fire. The Jennings pistol was manufactured in California. The Beretta pistol was manufactured in Maryland. The RG pistol was manufactured in Florida.

At the time the defendant possessed the firearms and ammunition described above, he was a previously-convicted felon, having been convicted of the following felony offenses: (1) On or about September 19, 2008, in the Circuit Court of Greene County, Arkansas, the defendant was convicted of the felony of delivery of a controlled substance; (2) On or about September 19, 2008, in the Circuit Court of Greene County, Arkansas, the defendant was convicted of the felony of delivery of a controlled substance; and (3) On or about September 4, 2012, in the Circuit Court of Greene County, Arkansas, the defendant was convicted of the felony of possession of methamphetamine.

(P.A. 3)

The language of the plea agreement fully advised movant of the possible range of punishment and that he might be sentenced to under the provisions of 18 U.S.C. § 924(e) to include a minimum term of imprisonment of fifteen years.

> Possibility of Enhanced Criminal Status: In certain situations under Title 18, United States Code, Section 924(e) (Armed Career Criminal), defendant may be subject to a mandatory minimum sentence of fifteen (15) years and a maximum sentence greater than described above. The defendant is pleading guilty with full knowledge of these possibilities, has discussed these possibilities with counsel and will not be able to withdraw the guilty plea if the Court determines the foregoing statute applies to defendant's sentence. However, both parties retain the right to litigate whether Section 924(e) applies to defendant's sentence.

(P.A. 4)

**Movant Was Advised of His Constitutional Rights.**

The plea agreement further set forth in writing movant's acknowledgment and full understanding of the following rights:

> In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the government to prove the elements of the offenses charged against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.
>
> The defendant fully understands that the defendant has the right to be represented by counsel, and, if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.
>
> The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.
>
> (P.A. 8)

**Movant Stated He Was Fully Satisfied With His Attorney's Representation.**

The defendant expressed satisfaction with the way in which he had been

represented by counsel:

> The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.
>
> (P.A. 8)

4

**Movant Admitted He Had Not Been Threatened or Coerced and That He Was In Fact Guilty of the Charged Conduct.**

The defendant acknowledged that no person had, directly or indirectly, threatened or coerced him to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty. He further acknowledged that he has voluntarily entered into both the plea and the guilty plea agreement. He stated that this guilty plea was made of his own free will and he was in fact guilty of the conduct. (P.A. 9)

**The Plea**

On September 11, 2013, Lorren entered a plea of guilty to the charge set forth in the indictment. Lorren expressed satisfaction with the representation of his attorney. The Court first advised Lorren that in a criminal case, he was entitled to effective representation from a lawyer at each stage of the proceedings against him, and then asked with that in mind, was he satisfied with the way his lawyer had handled his case. Lorren stated, "Yes, sir." (P.T. 4) Lorren acknowledged that he was satisfied with the manner in which his attorney had investigated the case, that his attorney had done everything Mr. Lorren had asked him to do, and that he had no gripes or complaints whatsoever. (P.T. 4) Lorren acknowledged having signed the plea agreement and gone over it in detail with his attorney. (P.T. 6) He stated he understood the contents in the agreement and there was nothing in the plea agreement he did not understand. (P.T. 7) The Court reviewed with the defendant that portion of the plea agreement which advised that he might be subject to a mandatory minimum sentence of 15 years and that if the Court found him to be an armed career criminal he would receive a minimum sentence of 15 years. (P.T. 10)

Lorren stated that he understood this and knowing that, he wished to enter a plea of guilty. He acknowledged that no one had promised him what sentence he would receive in the case. (P.T. 10-11)

**Presentence Report**

The Presentence Report recommended that the base offense level should be set at 33 pursuant to U.S.S.G. § 4B1.4. (PSR 28) The Presentence Report noted that the defendant was an armed career criminal and subject to the enhanced sentence under the provisions of 18 U.S.C. § 924(e) because the offense of conviction was a violation of 18 U.S.C. § 922(g) and the defendant had at least three prior convictions for a violent felony or a serious drug offense, or both, which were committed on different occasions. The Presentence Report noted that the previous convictions included delivery of a controlled substance in Case No. 2007-171, possession of methamphetamine with intent to deliver in Case No. 2007-172, and delivery of a controlled substance in Case No. 2008-30. Therefore, the report concluded that Lorren was an armed career criminal. (PSR 28) With a three level adjustment for acceptance of responsibility, the final offense level was recommended at 30. Lorren's criminal history category was VI. (PSR 54) With a total offense level of 30 and a criminal history category VI, the guideline imprisonment range was 180-210 months. (PSR 81)

The defendant objected to the Presentence Report claiming that his 2007 Arkansas conviction for delivery of a controlled substance in Case No. 2007-171 as detailed in paragraph 35 of the Presentence Report, should not be a predicate offense for the armed career criminal provision because he received a suspended imposition of sentence. In that

case, the Circuit Court of Green County, Arkansas sentenced Lorren to 72 months in the Arkansas Department of Corrections but under the language of the Arkansas Court "suspended imposition" of the sentence and placed him on 72 months' probation. In response to Lorren's objection, the Probation Office maintained its position that the conviction in paragraph 35 was a qualifying offense under the Armed Career Criminal provision because, according to the Arkansas Criminal Code, Section 5-73-103, ". . . a determination by a jury or court that a person committed a felony constitutes a conviction . . . even though the court suspended the imposition of sentence and placed the defendant on probation." (PSR Addendum 12; Section 5-73-103 ACC) The report further concluded that the Arkansas statute clearly provides that a suspended imposition of sentence constitutes a conviction, unless the case was dismissed and expunged, or a pardon was granted. As such, the Probation Office concluded that the conviction in paragraph 35 was a predicate offense for armed career criminal purposes. (PSR Addendum 2)

## Sentencing

The sentencing hearing was conducted on December 12, 2013. Mr. Lorren acknowledged that he had gone over the Presentence Report with his attorney. (S.T. 2) The Court asked if there were any objection, additions or corrections to the Presentence Report, and the defense stated that other than the objection to the use of the one particular Arkansas offense, there were no objections. (S.T. 3) The Court then entered as its findings of fact, the factual statements that were set out in the Presentence Report, with the exception of the specific objections that the defendant had filed. (S.T. 3)

The Court then took up the defendant's claim that the Arkansas suspended imposition of sentence should not count as a conviction for armed career criminal purposes. The Court noted that the Government's response was accurate in that the term suspended imposition of sentence in Arkansas is altogether different than a suspended imposition of sentence in Missouri. (S.T. 4) The Court noted that the defendant's objection was contrary to the established precedent of the Eighth Circuit and that the motion was overruled. Indeed, the Eighth Circuit expressly held in *United States v. Love*, 59 Fed. Appx. 165, 2003 WL 145604 (unpublished), that an Arkansas suspended imposition of sentence is a conviction for purposes of applying felon in possession statutes.

The Court also responded to movant's reference to being surprised that he was subject to a 15 year mandatory minimum as a career offender:

> Alright. Now, before I go further, I want you and your client to understand that we did cover the possibility of this enhanced criminal status at the plea hearing, and I made clear that you may well be facing this mandatory minimum sentence of fifteen years if it was determined as it is now that you had so many criminal offenses that it makes you an armed career criminal. So it's not like this was some surprise that you suggested, perhaps.

(S.T. 8)

Mr. Skrien then acknowledged that those matters had been discussed with his client stating, "Well, we had those discussions, Your Honor. We just did not believe he would fall on that side of it." Mr. Lorren stated he was shocked that he was an armed career criminal and that he had been told that he wasn't an armed career criminal. (S.T. 9) The Court then stated, "I want to clarify that, because, again at the sentencing – at the

8

plea hearing, we went over that possibility that you may well be an armed career criminal." The defendant responded, "Yes, sir." (S.T. 9)

After hearing argument, the Court sentenced Mr. Lorre to a term of 175 months imprisonment. This reflected an adjustment from the 180 month minimum sentence in order to provide credit for the approximate five months that he had served previously. (S.T. 18)

### Direct Appeal

Movant did not file a direct appeal.

### III. APPLICABLE LAW

**A. Need for Evidentiary Hearing.**

When a petition is brought under 28 U.S.C. § 2255, the Movant bears the burden of establishing the need for an evidentiary hearing. Evidentiary hearings on 28 U.S.C. § 2255 motions are preferred, and the general rule is that a hearing is necessary prior to the motion's disposition if a factual dispute exists. *Thomas v. United States*, 737 F.3d 1202, 1206 (8th Cir. 2013). This circuit has held that when the only information the court needs to render a decision regarding a 2255 motion is contained in the record, there is no need for an evidentiary hearing. *Rogers v. United States*, 990 F.2d 1008, 1009 (8th Cir. 1993). An evidentiary hearing is unnecessary where the record conclusively shows the Movant is not entitled to relief. *United States v. Schmitz*, 887 F.2d 843, 844 (8th Cir. 1989); *Dall v. United States*, 957 F.2d 571, 573 (8th Cir. 1992).

In evaluating the need for an evidentiary hearing, the court must take many of the movant's factual averments to be true, but the court need not give weight to vague,

9

conclusory, and groundless allegations. *United States v. Robinson*, 64 F.3d 403, 405 (8th Cir. 1995) citing *Voytik v. United States*, 778 F.2d 1306, 1309 (8th Cir. 1985). A Section 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact. *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998); *Thomas v. United States*, 737 F.3d 1202, 1206 (8th Cir. 2013).

There is no requirement of a hearing where the claims are based solely on vague, conclusory, or palpably incredible allegations or unsupported generalizations. *Amos v. Minnesota*, 849 F.2d 1070, 1072 (8th Cir. 1988); *Sidebottom v. Delo*, 46 F.3d 744, 751 (8th Cir. 1995).

**B. Effect of Guilty Plea.**

When a guilty plea is delivered by the movant, the focus of a collateral attack must remain limited to the nature of counsel's advice and the voluntariness of the plea. *Bass v. United States*, 739 F.2d 405, 406 (8th Cir. 1984) citing *Tollett v. Henderson*, 411 U.S. 258, 266 (1973); *United States v. Limley*, 510 F.3d 825, 829 (8th Cir. 2007) (guilty plea serves as a waiver for all non-jurisdictional defects that might be attacked in a 2255 motion). The Supreme Court has stated that a guilty plea operates as a break in the chain of events of the criminal process. *Tollett v. Henderson*, 411 U.S. at 267. Once a criminal defendant solemnly and openly professes his guilt before the court, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. *Id*. Only the voluntary and intelligent character of the

10

guilty plea may be attacked. *Id*. Although the *Tollett* decision concerned state prisoner habeas corpus petitions, the Eighth Circuit adopted and applied its rationale to motions under section 2255. *Bass v. United States*, 739 F.2d at 406.

The general rule is that a valid guilty plea waives all non-jurisdictional defects. Stated differently, a valid guilty plea forecloses an attack on a conviction unless "on the face of the record the court had no power to enter the conviction or impose the sentence." *Walker v. United States*, 115 F.3d 603, 604 (8th Cir. 1997).

### C. Issues Not Raised on Direct Appeal.

Claims which could have been raised on direct appeal and were not so raised are not cognizable pursuant to 28 U.S.C. § 2255 unless the movant can show cause and prejudice for his default in failing to raise the issue on direct appeal. *Jennings v. United States,* 696 F.3d 759, 762 (8th Cir. 2012); *Dyer v. United States*, 23 F.3d 1421 (8th Cir. 1994); *Thompson v. United States*, 7 F.3d 1377, 1379 (8th Cir. 1993); *Peltier v. Henman*, 997 F.2d 461 (8th Cir. 1993). A § 2255 motion is not a substitute for a direct appeal. *Jennings*, at 762; *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993). Additionally, a movant's pro se status does not excuse procedural default. *Stewart v. Nix*, 31 F.3d 741, 743 (8th Cir. 1994); *Stanley v. Lockhart*, 941 F.2d 707, 710 (8th Cir. 1991).

### D. Guideline Application Issues.

Ordinary challenges regarding Sentencing Guideline issues are not cognizable upon a Section 2255 motion. *See Kitterman v. United States*, 904 F.Supp. 987, 992 (E.D. Missouri 1995). Section 2255 claims may provide relief for cases in which the sentence was in excess of the maximum authorized by law. 28 U.S.C. § 2255; *see United States v.*

*Wilson*, 997 F.2d 429 (8th Cir. 1993). However, this provision has been held to apply "to violations of statutes establishing maximum sentences, rather than garden-variety Sentencing Guideline application issues." *Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995).

**E. Ineffective Assistance of Counsel.**

To prevail on a claim alleging ineffective assistance of counsel, movant must satisfy the two part test of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 3562 (1984). Under *Strickland*, movant must first show that the counsel's performance was deficient. 466 U.S. at 687. This requires the movant to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. Secondly, movant must demonstrate that the deficient performance prejudiced the defense so as "to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*. This requires movant to show that "but for counsel's unprofessional errors, the results of the proceeding would have been different." *Id*. at 694. The Eighth Circuit, applying the *Strickland* test, requires movant to show (1) that counsel's representation fell below an objective standard of reasonableness and (2) that, but for this ineffective assistance of counsel, there is a reasonable probability that the outcome of the trial would have been different. *Rogers v. United States*, 990 F.2d 1008, 1010 (8th Cir. 1993).

The standard to be used in a collateral charge of ineffective assistance of counsel following a guilty plea is governed by *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366 (1985), which applies the holding of *Strickland* to instances involving guilty pleas. For

movant to be successful under *Hill*, movant is required to demonstrate first that "[c]ounsel's representations fell below an objective standard of reasonableness." 474 U.S. at 57. A movant who pleads guilty upon advice from counsel may only contest the voluntary and intelligent character of the plea by establishing that the advice given was not within the range of professional competence required of the attorney in a criminal case. *Hill v. Lockhart*, 474 U.S. at 56, citing *Tollett v. Henderson*, 411 at 258; *Jones v. Jerrison*, 20 F.3d 849, 857 (1994).

Secondly, movant must show that "[b]ut for counsel's errors, [the Movant] would not have pleaded guilty and would have insisted on going to trial." *Id.*, at 59 (footnote omitted); *United States v. Prior*, 107 F.3d 654, 661 (8th Cir. 1997). The Eighth Circuit, applying this standard, has stated that movant must show that counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, "but for counsel's errors, movant would not have pleaded guilty and would have insisted on going to trial." *Iron Wing v. United States*, 34 F.3d 662, 664-665 (8th Cir. 1994), citing *Hill v. Lockhart*, 106 S.Ct. at 369-70; *Forest v. Delo*, 52 F.3d 716, 721-22 (8th Cir. 1995); *United States v. Storey*, 990 F.2d 1094, 1097 (8th Cir. 1993); *United States v. Davis*, 508 F.3d 461, 463 (8th Cir. 2007).

Furthermore, failure to plead the second prong of the *Strickland* test, that "but for counsel's errors" movant would not have pleaded guilty, renders the petition causally defective and entitles the government to a dismissal of the petition without the need for an evidentiary hearing. *United States v. C.W.E.H.*, 838 F.2d 993, 994 (8th Cir. 1988); *United States v. Runck*, 817 F.2d 470, 471 (8th Cir. 1987).

When evaluating a counsel's performance, the court "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689; *Forest v. Delo*, 52 F.3d at 721. Judicial scrutiny of a counsel's performance remains highly deferential. *Huls v. Lockhart*, 958 F.2d 212, 214 (8th Cir. 1992) citing *Johnson v. Lockhart*, 921 F.2d 796, 799 (8th Cir. 1991). A defendant "faces a heavy burden" to establish ineffective assistance of counsel pursuant to Section 2255. *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000).

In *Yodprasit v. United States*, 294 F.3d 966, 969 (8th Cir. 2002), the Eighth Circuit concluded that a "counsel's failure to file a notice of appeal when so instructed by the client constitutes ineffective assistance of counsel for the purpose of section 2255." *See also, Estes v. United States*, 883 F.2d 645, 648 (8th Cir.1989). An attorney's failure to file a notice of appeal upon the client's request constitutes ineffective assistance of counsel, and no specific showing of prejudice is required. *United States v. Sellner*, 773 F.3d 927, 930 (8th Cir. 2014). Even if the client waives his right to appeal as part of a plea agreement, prejudice is presumed that the client asked his attorney to file a notice of appeal and the attorney did not do so. *Id*. Nevertheless, for a petitioner to succeed, he must show that he made his desire to appeal evident to his attorney. *Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000). "A bare assertion by the petitioner that [he] made a request is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary proposition." *Barger*, 204 F.3d at 1182 citing *Rodriguez v. United States*, 964 F.2d 840, 842 (8th Cir.1992) (per curiam).

In *Holloway v. United States*, 960 F.2d 1348 (8th Cir. 1992), the Eighth Circuit found that failure of defendant's counsel to file a notice of appeal was not "ineffective assistance of counsel," where defendant's motion to vacate, files, and records of the case showed conclusively that the defendant did not instruct his counsel to file an appeal. The only instance in which Holloway claimed he wanted to appeal his case was in the affidavit attached to his 2255 motion, which was inconsistent with all of Holloway's numerous other statements. *Holloway*, 960 F.2d at 1358. Since nothing in the record agreed with, supported, or corroborated Holloway's claim, the Eighth Circuit concluded that "the fact that Holloway has managed to make a single, self-serving, self-contradicting statement is insufficient to render the motion, files, and records of th[e] case inconclusive on the question of whether Holloway instructed his counsel to appeal." *Holloway*, 960 F.2d at 1358.

A claim of ineffective assistance of counsel presents the court with a mixed question of law and fact. The standard of review as for the district court's factual findings is clear error and *de novo* for the district court's legal conclusions. *Chandler v. Armontrout*, 940 F.2d 363, 365 (8th Cir. 1991).

## IV. DISCUSSION

### A. INEFFECTIVE ASSISTANCE OF COUNSEL – FAILURE TO FILE NOTICE OF APPEAL.

When the defendant avers under oath that he instructed trial counsel to file a notice of appeal and that trial counsel failed to do so, as a general rule, an evidentiary hearing may be required to determine the credibility of this allegation. Lorren states that "after

15

sentencing defendant requested and effectively instructed his attorney to file a notice of appeal," and none was filed. (§ 2255 Motion at 4)

Even though this is a singular self-serving statement, this case shall proceed to an evidentiary hearing, because this Court is not permitted to make a credibility determination on affidavits alone. *Thomas v. United States*, 737 F.3d 1202, 1206 (8th Cir. 2013). This Court abuses its discretion when it credits the attorney's affidavit over the petitioner's affidavit without first holding an evidentiary hearing. *Franco v. United States*, 762 F.3d 761, 765 (8th Cir. 2014). Therefore, this matter will be set for an evidentiary hearing where Lorren will have the opportunity to make this claim under oath, subject to cross-examination, and subjected to the penalties of perjury.

### B. FAILURE TO REQUIRE THE GOVERNMENT TO PROVIDE "SHEPARD APPROVED" DOCUMENTS AT THE TIME OF SENTENCING.

Lorren contends the district court could not find that his 2007 conviction for delivery of a controlled substance qualified as a prior conviction for 924(e) purposes without the introduction of what he refers to as "Shepard" documents.

First, Lorren did not raise the issue on appeal and it is, therefore, not cognizable under his § 2255 motion. Moreover, he did not even raise this issue at sentencing.

In order to excuse his default, Lorren would have to show both cause and prejudice. There is no prejudice because (1) there has been no showing that "Shepard documents" were admissible at the sentencing hearing; and (2) even if such documents were admissible, there is no allegation of proof that these documents would have resulted in the exclusion of the 2007 conviction.

16

To determine whether a past conviction qualifies as serious drug offense, the courts apply the "categorical approach" under which they look only to the fact of conviction and the statutory definition of the prior offense. *United States v. Tucker*, 740 F.3d 1177, 1179 (8th Cir. 2013), citing *Taylor v. United States*, 495 U.S. 575, 602, 110 S.Ct. 2143 (1990). However, where a statute of conviction sets out one or more elements of the offense in the alternative, the statute is considered "divisible" for Armed Criminal Career Act purposes. *Taylor*, 740 F.3d at 1179, citing *Descamps v. United States*, 570 U.S. --, 133 S.Ct. 2276, 2281 (2013). If one alternative of a divisible statute qualifies as a violent felony, but another does not, courts apply the "modified categorical approach" to determine under which portion of the statute the defendant was convicted. *Tucker*, 740 F.3d at 1179-80. The modified categorical approach permits sentencing courts to consult a limited class of documents, often referred to as "Shepard approved documents," such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction. *Tucker*, 740 F.3d at 1180; *Descamps*, 133 S.Ct. 2276 at 2283-84.

Sentencing courts may not apply the modified categorical approach when the crime of which the defendant was convicted has a single, indivisible set of elements. *United States v. Bankhead*, No. 12-4009, 2014 WL 539754, *2 (8th Cir. Feb. 12, 2014), citing *Descamps*, 133 S.Ct. at 2282. Lorren does not allege the statute underlying his conviction was a divisible statute. Indeed, it was not. The Arkansas statute prohibiting delivery of methamphetamine is not a divisible statute, providing only that: "Except as provided by this chapter, it is unlawful for a person to deliver methamphetamine." AR ST

17

5-64-422(a). Since the statute is non-divisible, the modified categorical approach is not permitted. Thus, no "Shepard approved" documents could have been admitted, and Lorren cannot show he was prejudiced by the fact they were not offered at his sentencing.

### C. USE OF LORREN'S ARKANSAS SUSPENDED IMPOSITION OF SENTENCE AS A CONVICTION FOR ARMED CAREER CRIMINAL PURPOSES.

Lorren contends the district court abused its discretion by considering his 2007 Arkansas conviction for delivery of a controlled substance as a prior felony conviction under 18 U.S.C. § 924(e). This issue could have been raised on direct appeal and was not. Therefore, the issue is waived and is not cognizable in a § 2255 motion. For this reason alone, this point must fail. Furthermore, prejudice could never be established because an Arkansas suspended imposition of sentence is a conviction for 924(e) purposes, just as the trial court ruled. *See United States v. Love*, 59 Fed. Appx. 165, 2003 WL 145604 (unpublished).

Lorren's reliance on *United States v. Thornton*, 766 F.3d 875 (8th Cir. 2014), is misplaced. Thornton recognized that a Missouri "suspended imposition of sentence" is not a conviction for 924(e) purposes. However, Lorren's "suspended imposition of sentence" was under Arkansas law. What constitutes a conviction for purposes of applying federal felon in possession laws "shall be determined in accordance with the law of the jurisdiction in which the proceedings were held." 18 U.S.C. § 921(a)(20). Under Arkansas law, a "suspended imposition" is a conviction for purposes of applying 18 U.S.C. § 924(e). *Love*, 59 Fed. Appx. 165, 2003 WL 145604 (unpublished).

Accordingly, even if this claim were cognizable under 28 U.S.C. § 2255, the claim simply has no merit.

## CONCLUSION

For the foregoing reasons Lorren's § 2255 petition is dismissed in all respects except for the claim that his attorney failed to file an appeal. The case shall be set for evidentiary hearing on that issue alone, and new counsel will be appointed.

**SO ORDERED** this 9th day of June, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE